UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRED SCOTT,
a/k/a STEVEN DEAN ADAMS,

Petitioner,

v.

DAVID CRIST, Warden, and
SHERYL RAMSTAD-HVASS,
Commissioner,

Respondents.

Civil File No. 02-223 (RHK/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's recently submitted application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1997, Petitioner was convicted of first degree criminal sexual conduct, and was sentenced to thirty years in state prison. He is presently serving that sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. 1.)

Immediately after he was convicted, Petitioner filed a direct appeal. The Minnesota Court of Appeals upheld his conviction and sentence, although his sentence was modified

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

JAN
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

by giving him some additional credit for his pre-sentence jail time. State v. Adams, No. C8-97-1180 (Minn.App. 1998), 1998 WL 128759 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review. Petitioner later filed a state post-conviction motion, but his post-conviction claims were rejected by the trial court, and by the state appellate courts. See Adams v. State, No. C7-98-2170 (Minn.App. 1999), 1999 WL 300908 (unpublished opinion).

On August 7, 2000, Petitioner commenced an action here in federal court, seeking federal habeas corpus review of his conviction and sentence. Scott v. Crist, Civil No. 00-1863 (RHK/FLN) [hereafter "Scott I"]. The undersigned Magistrate Judge reviewed Petitioner's habeas petition in Scott I, (pursuant to Rule 4 of The Rules Governing Section 2254 Cases), and concluded that it was time-barred, because it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d). We noted, however, that one of the claims raised by Petitioner in Scott I was based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which, at that time, had just recently been decided by the United States Supreme Court.

In our Report and Recommendation ("R&R") in Scott I, we recommended that the action be summarily dismissed because it was untimely. The R&R expressly pointed out, however, that:

> "To the extent that Petitioner is seeking habeas relief based on [Apprendi], the statute of limitations analysis could be affected by § 2244(d)(1)(C). That clause of the statute provides that the one-year limitation period begins to run from 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.' Thus, if Petitioner is asserting a claim based on a constitutional right that was first recognized in Apprendi, and if that right is retroactively applicable, then, as to that particular claim, the one-year statute of limitations

> began to run on the date of the Supreme Court's decision in Apprendi, which was June 26, 2000."

(Scott I, R&R dated August 11, 2000, (Docket No. 3), pp. 6-7.)

The R&R in Scott I further pointed out that:

> "It is unnecessary to decide at this time whether the statute of limitations for Petitioner's "Apprendi claim" did not begin to run until June 26, 2000, because that claim could not be entertained right now in any event. Even if Apprendi did create some newly recognized constitutional claim that should be retroactively applied, that claim cannot be raised in a federal habeas corpus petition at this time, because it has never been presented to the state courts, and the state courts have had no opportunity to consider it. In other words, Petitioner has failed to exhaust his state court remedies with regard to such claim. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). For this reason, Petitioner's Apprendi claim cannot be entertained in this action, even if that claim is not untimely."

(Id. at p. 7.)

The Court concluded in Scott I that:

> "[N]one of Petitioner's current claims for relief can properly be entertained at this time. To the extent that Petitioner is attempting to present claims that were (or could have been) previously raised in state court, his petition must be dismissed because it is time-barred. To the extent that Petitioner may be attempting to present a newly available constitutional claim based on Apprendi, his petition must be dismissed because he has not exhausted his state court remedies as to that claim. [Footnote omitted.]"

(Id.)

The District Court Judge adopted the R&R in Scott I, and ordered that Petitioner's first habeas corpus petition be summarily dismissed -- without prejudice as to his Apprendi claim, but with prejudice as to all other claims. (Scott I, Order adopting R&R dated August 31, 2000; [Docket No. 4].)

After his first federal habeas petition was dismissed in Scott I, Petitioner returned to the state courts and attempted to satisfy the exhaustion of state court remedies

requirement with regard to his Apprendi claim. Petitioner's Apprendi claim was rejected by the trial court in a second state post-conviction proceeding on November 16, 2000. (Petition, p. (4), § 11(b)(5). Petitioner appealed the trial court's rejection of his Apprendi claim, but that ruling was upheld by the Minnesota Court of Appeals and the Minnesota Supreme Court. (Petition, p. (4), § 11(b)(6).) It therefore appears that Petitioner has now exhausted his state court remedies with regard to his Apprendi claim.

Having satisfied the exhaustion requirement, Petitioner is now attempting to bring his Apprendi claim back into federal court in his present habeas corpus petition. He claims that his 30-year sentence exceeds the statutory "maximum sentence," and was based on a factor (i.e., that he is a "patterned sex offender"), which was determined by a judge alone, rather than by a jury. Therefore, Petitioner contends, his sentence must be set aside pursuant to Apprendi.

For the reasons discussed below, the Court finds that Petitioner's Apprendi claim cannot be entertained in a federal habeas corpus proceeding, and that the instant petition should therefore be summarily dismissed.

## II. DISCUSSION

When Scott I was before this Court in August 2000, it was unclear whether a state or federal prisoner could maintain a collateral challenge to his sentence based on Apprendi. It was apparent, even back then, that Apprendi was based on a new understanding of the Constitution, but it was not clear whether Apprendi could be applied retroactively.[2]

---

[2] In the R&R in Scott I, we specifically stated that:

"Nothing herein is meant to suggest that the Supreme Court actually did create some newly recognized constitutional right in Apprendi, or that any

As a general rule, new constitutional rules of criminal procedure announced by the Supreme Court are not applicable to other cases that have already become final on direct appeal (or by expiration of the deadline for taking a direct appeal). Teague v. Lane, 489 U.S. 288, 310 (1989) ("[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). A new constitutional principle, such as the one announced in Apprendi, cannot support a collateral challenge to a conviction or sentence, except in rare situations where the new ruling is specifically held to be retroactively applicable pursuant to Teague.

At the time of Scott I, it was not clear whether Apprendi was a decision that would be retroactively applicable and could therefore be raised by state and federal prisoners in habeas corpus petitions or other collateral proceedings. In a case decided in August 2000, (which has been cited by Petitioner), one of the judges in this district concluded that Apprendi did indeed establish a new rule of constitutional law of "watershed importance," and that Apprendi should therefore be retroactively applicable in collateral proceedings. United States v. Murphy, 109 F.Supp.2d 1059, 1064 (D.Minn. 2000), rev'd, 268 F.3d 599 (8th Cir. 2001). A few months later, however, the Eighth Circuit Court of Appeals noted that the retroactivity issue "remains an open question in this Circuit." United States v.

---

such right has been "made retroactively applicable to cases on collateral review." In other words, the Court has not concluded that 28 U.S.C. § 2244(d)(1)(C) is applicable here; the Court has simply concluded that even if Petitioner could show that he is raising some newly-recognized, retroactively-applicable, constitutional claim, that claim cannot be entertained at this time, because it is unexhausted." (Scott I, R&R dated August 11, 2000, p. 7, n. 6.)

Nicholson, 231 F.3d 445, 454, n. 1 (8th Cir. 2000), cert. denied, 121 S.Ct. 1244 (2001).

The legal landscape has changed since Scott I was dismissed, because the retroactivity issue has now been explicitly resolved in our Circuit. In United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001), cert. denied, 122 S.Ct. 848 (2002), our Court of Appeals held that Apprendi is not retroactively applicable to collateral proceedings. Following an exhaustive analysis and application of the retroactivity principles set forth in Teague v. Lane, the Court of Appeals concluded that Apprendi is not retroactively applicable, because it did not announce a "watershed rule of criminal procedure." Moss, 252 F.3d at 998. The Court of Appeals expressed its ruling in simple and unequivocal terms: "Teague bars petitioners from raising Apprendi claims on collateral review." Id. at 997. See also Jarrett v. United States, 266 F.3d 789, 791 (8th Cir. 2001) (acknowledging Moss's holding that "Apprendi was not a decision of such 'watershed magnitude' that it would apply retroactively on collateral review"). A few months after Moss, the Court of Appeals reversed the district court's decision in Murphy, further confirming that Apprendi claims are not cognizable on collateral review. United States v. Murphy, 268 F.3d 599 (8th Cir. 2001).

Because Apprendi is not retroactively applicable, Petitioner's Apprendi-based claims cannot be entertained in the present habeas corpus proceeding.[3] It will therefore be recommended that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Finally, because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his application to

---

[3] In light of the Eighth Circuit's decisions in Moss and Murphy, it is now also clear that it would have been improper to address the merits of Petitioner's Apprendi claim in Scott I, even if there had been no statute of limitations or exhaustion impediment.

proceed in forma pauperis, ("IFP"), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DISMISSED WITH PREJUDICE**.

DATED: JAN 30, 2002

Franklin L. Noel
FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.