**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FRED SCOTT,
f/k/a Steven Dean Adams,

Petitioner,

v.

David Crist, Warden, and
SHERYL RAMSTAD HVASS, Commissioner,
Department of Corrections of Minnesota,

Respondents.

Civil No. 02-223 (RHK/FLN)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1997 state court conviction for first degree criminal sexual conduct. (Docket No. 1.) The matter was assigned to Magistrate Judge Franklin L. Noel, who recommended that the petition be summarily denied on the merits, because Petitioner's habeas claims are foreclosed by the Eighth Circuit Court of Appeals' decision in United States v. Moss, 252 F.2d 993, 996 (8th Cir. 2001), cert. denied, 122 S.Ct. 848 (2002). (Report and Recommendation, ["R&R"], dated January 30, 2002, [Docket No. 4].) Petitioner filed objections to the R&R, but this Court overruled those objections, adopted the R&R, and dismissed the petition. (Order dated February 14, 2002; [Docket No. 6].)

Petitioner subsequently filed a notice of appeal, seeking appellate review of the order dismissing his habeas petition. (Docket No. 8.) His notice of appeal was accompanied by a "Motion To Proceed In Forma Pauperis," (Docket No. 10), and an "Application For Certificate of Appealability," (Docket Nos. 9 and 11). Thus, the matter is presently before this Court to determine (a) whether Petitioner should be granted leave to proceed in forma pauperis ("IFP") on appeal, and

MAR 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(b) whether Petitioner should be granted a Certificate of Appealability.

## DISCUSSION

A. IFP Application

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner represents that his only source of income is his prison job, and that he earns only about $100 per month for his work. (Docket No. 2.) He further represents that he has no bank accounts and no other assets of any value. (Id.) Based on that information, the Court finds that Petitioner is financially eligible for IFP status.

The Court also finds that the issues Petitioner seeks to raise on appeal are not legally "frivolous," as that term has been defined by the Supreme Court, (even though the Court further finds, for the reasons discussed below, that those issues do not warrant a Certificate of

Appealability). Thus, the Court concludes that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.

B. Certificate Of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

In this case, Petitioner claims that the sentence he received in 1997 is unconstitutional under the principles discussed in the U.S. Supreme Court's subsequent decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court has concluded that Petitioner's Apprendi claim cannot be addressed on the merits, because our Court of Appeals has previously held, in Moss, that Apprendi is not retroactively applicable.

Petitioner apparently believes that Moss was wrongly decided, and that the Court of Appeals would be inclined to reconsider and overturn Moss, or else find that Moss is inapplicable to his case. The Court, however, finds no reason to think that the Eighth Circuit is ready to re-visit Moss at this time, nor does Court find any reason to think that the Eighth Circuit would find Moss to be inapplicable here. Indeed, our Court of Appeals has reaffirmed its holding in Moss on numerous recent occasions. See Hines v. United States, No. 00-3212 (8th Cir. March 7, 2002), 2002 WL 356006 at *1; Murphy v. United States, 268 F.3d 599, 601 (8th Cir. 2001); Jarrett v. United States, 266 F.3d 789, 791 (8th Cir. 2001); United States v. Harper, No. 01-1516 (8th Cir. 2001), 2001 WL 1543942 (unpublished opinion). Nothing in these later cases suggests that the Court of Appeals is anxious to re-examine the Apprendi retroactivity issue that Petitioner now seeks to raise on appeal. Furthermore, the Court of Appeals has shown no reluctance to apply Moss's holding to cases that were pending before Moss was decided.

In this Circuit, Moss is -- at least for now[1] – binding precedential case law. Petitioner's

---

[1] Petitioner points out that the Supreme Court has granted certiorari in United States v. Harris, 243 F.3d 806 (4th Cir. 2001), cert. granted in part, 122 S.Ct. 663 (2001). He apparently believes that the Supreme Court will use that case to decide whether Apprendi should be retroactively applicable on collateral review, and that Moss will be overturned by the Supreme Court's decision in Harris. It appears to the Court, however, that the Fourth Circuit Court of Appeals never addressed the issue of retroactivity in its decision in Harris, and that the Supreme

Apprendi claim could not have been decided any differently by any other district court in this Circuit, and the Court finds no reason to think that Petitioner's Apprendi claim might now be decided differently in the Court of Appeals. Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 10), is GRANTED; and

2. Petitioner's application for a Certificate of Appealability in this matter, (Docket Nos. 9 and 11), is DENIED.

Dated: 3/20, 2002

RICHARD H. KYLE
United States District Court Judge

---

Court is unlikely to do so on certiorari review. It therefore appears that Harris will not have any effect on the Eighth Circuit's decision in Moss, and that Moss probably will remain "good law" in the Circuit for the foreseeable future. (If Moss is someday overturned, either by the Supreme Court or by the Eighth Circuit itself, that might give Petitioner grounds to file a second or successive petition for habeas corpus relief. See 28 U.S.C. § 2244(b).)